# Hartman et al. v. Deibel et al.
## Same v. Liberty Nat. Bank & Trust Co. Of Louisville et al.

February 17, 1948.

W. Scott Miller, Judge.

John R. Whitlow and Lawrence S. Grauman for appellants.

Milliken & Handmaker for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming in part, reversing in part.

Kenneth K. Diebel and others, appellees, sued Elizabeth Hartman and others, appellants, for recovery of an interest in real estate previously owned by Wilhelmina Kiefer, appellees' grandmother and appellants' mother, now deceased. The grounds for recovery were mental incapacity and undue influence pertaining to Mrs. Kiefer on February 20, 1936, when deeds were made by her to appellants.

The chancellor having sustained a general demurrer to appellants' answer, which was principally one of denial, and having entered judgment for appellees on their petition, the appellants now bring us this appeal.

In a companion case, Liberty National Bank and Trust Company of Louisville, Mrs. Kiefer's Administrator, chief appellee, sued Elizabeth Hartman and an-

other, appellants, for recovery of securities previously owned by Mrs. Kiefer. The grounds for recovery were mental incapacity and undue influence pertaining to Mrs. Kiefer on February 19, 1936, when the securities were transferred by her to appellants.

The chancellor having sustained a general demurrer to appellants' answer, which was principally one of denial, and having entered judgment for appellees on their petition, the appellants now bring us this appeal in the companion case.

These two appeals, posing similar legal questions on slightly differing facts, have been consolidated for our disposition.

In each case, the general demurrer was sustained on the ground that the answer had joined issues, viz., mental incapacity and undue influence, which were res judicata. This theory was entertained and sustained because previous litigation among these same interests had resulted in a legal determination that Mrs. Kiefer's last will, made by her on February 20, 1936, and executed by her *simultaneously with her deeds,* now in controversy, was an invalid instrument. See Hartman v. Deibel, 292 Ky. 318, 166 S. W. 2d 430, and Kiefer's Ex'r v. Deibel, 298 Ky. 813, 184 S. W. 2d 225. Mrs. Kiefer's last will was attacked in that litigation on these same grounds of mental incapacity and undue influence. And the will was, in that litigation, declared by the jury in its verdict and by the court in its judgment, to be invalid. However, neither of such declarations specified the ground of the determined invalidity.

Appellants' only contention on this consolidated appeal is that the previous litigation over Mrs. Kiefer's will having presented dual issues of mental incapacity and undue influence but having terminated without resting the will's invalidity either upon the one basis of mental incapacity or upon the other basis of undue influence, there had not been such a legal adjudication of either issue as to affect this subsequent litigation; that accordingly appellants' answers set up valid, legal defenses rather than res judicata issues; that accordingly appellees' general demurrers should have been overruled. Simplified, the Deibel side says this litigation is

warmed over turkey, while the Hartman side says it is a brand new dish on the table.

## The Deed Case

Appellant's answer in the deed case did not deny that Mrs. Kiefer's deeds, now in controversy, were executed simultaneously with her will, which was previously invalidated by the other litigation between these same interests. Therefore, the answer necessarily had the effect of admitting that whatever was the unsoundness of the one had to be the unsoundness of the other. We need not be particularly concerned as to whether the Kiefer will expired from mental incapacity or from undue influence. If it died, then its Siamese twin, as represented by these deeds of simultaneity, likewise had to die from the same ailment. The disease of the one had to be the disease of the other. The time element must, we think, defeat appellants' contention in their deed case.

The appellants give us some authorities supporting their theory against applying the res judicata doctrine in these cases. See 30 Am. Jur. 997 and 15 R. C. L. 980. Such authorities tend to lift from the doctrine of res judicata any litigation in which the antecedent litigation has left a cloud of doubt and uncertainty as to the exact issue supporting the final determination. There is good reason for just such an exception to the res judicata doctrine. The reason is that a current question should not go unanswered by reason of the mere *possibility* that it was previously answered by a former inquiry. However, as already explained, we know that in the instant case the will and the deeds were Siamese twins, because they were firmly welded at birth in a united identity of origin, time, intellect and inclination. Therefore, the previous inquiry as to the will covered every possibility of inquiry as to the deeds. There is nothing further to be answered. While Mrs. Kiefer's will and deeds, all simultaneous, were not one single document, yet each one was the alter ego of the other.

It may be well to remember that even more mental capacity is required in making a deed than in making a will. Poynter v. Poynter, 206 Ky. 836, 268 S. W. 582. Therefore, if Mrs. Kiefer's will was invalid for want

of mental capacity, then her simultaneous deeds were even more vulnerable for the same reason.

It may be well to consider that the quantum of independence, that is freedom from undue influence, required in making a deed should be about the same as that required in making a will. Therefore, if Mrs. Kiefer's will was invalid for lack of independence, then her simultaneous deeds were equally vulnerable for the same reason.

We believe that the chancellor correctly ruled that appellants' answer presented res judicata issues as to Mrs. Kiefer's deeds. And the demurrer to the answer having been sustained in the deed case, the chancellor's judgment, insofar as it relates to the indicated res judicata issues presented by such answer, is hereby affirmed.

### The Transfer Case.

Appellants' answer in the securities transfer case, however, raised questions entirely different from those which had been on trial in the antecedent will litigation. They were not different in substance but different in time element. Mental incapacity and undue influence were issues in the will case. Likewise, they were issues in the securities case. But appellees' own pleading alleged that Mrs. Kiefer's securities had been transferred by her on February 19, 1936, or the day before she executed her will. While appellants' answer denied both the mental incapacity and the undue influence pertaining to the transferor, yet it admitted the alleged time, February 19, pertaining to the transfer. Because of the time element involved, appellants' answer in this transfer case appears to have set up a valid defense for adjudication, that is to say one without any antagonism to the doctrine of res judicata.

It must be recognized, we think, that both mental capacity and undue influence are situations that may vary from one day to the next. A person may have good mental capacity one day but none the next. Or, a person may have good independent volition, that is freedom from undue influence, one day but none the next. Mrs. Kiefer had either mental incapacity or lack of independence—nobody knows exactly which—on Febru-

ary 20, 1936. The court and jury both said her will of that date was invalid, yet neither said how, why or wherein. Nevertheless, Mrs. Kiefer may have lacked neither her mentality nor her freedom on the previous day of February 19, 1936, when she transferred her securities. Such an inquiry has never been made. And although appellants seem destined to fail in such an inquiry, even as they failed in the other inquiry, yet the law does not deny them a right of making it.

The time element was appellants' enemy in the deed case but it was their friend in the securities case. A poet once said:

"A wonderful stream is the River Time,
  As it runs through the realms of Tears,
  With a faultless rhythm, and a musical Rhyme,
  As it blends with the ocean of Years."

Now, in our present cases, there was a strange River of Time. And while it appears to have flooded appellants' crops into destruction in the deed case, yet it undoubtedly has watered them unto continued life in the transfer case.

We believe that the chancellor erroneously ruled that appellants' answer presented res judicata issues as to Mrs. Kiefer's transfer of securities. And the demurrer to the answer having been sustained in the securities case, the judgment entered in that case for appellees on their petition is hereby reversed for further proceedings consistent herewith.

### Both Cases.

It is now proper for us to say that upon a return of these cases to the trial court, any issues, which may be joined among the parties over amounts of income produced by the controversial properties during the period in question, should be put on trial for proper adjudication, regardless of whether such issues may arise in the deed case or in the transfer case.

The judgment is affirmed in part and reversed in part as indicated above.